UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DUANE BUCK AND ANN BUCK, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 1:17-cv-13278-CPO-EAP<br><br>Hon. Christine P. O'Hearn, U.S.D.J.<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASSES** |

**THIS MATTER** having been presented to the Court by Stark & Stark, P.C., and Gorman & Gorman, LLC, as counsel for Plaintiffs, Duane and Ann Buck and those similarly situated, by way of an Unopposed Motion for: Final Approval of the Settlement Agreement and Certification of the Settlement Classes; Approval of the Settlement Administrator's administrative costs; Approval of Class Counsels' Attorneys' Fees and costs; and Approval of Class Representatives' Incentive Awards; and the Court having considered the arguments of counsel for Plaintiffs, and for good cause appearing,

**WHEREAS**, the Court has considered the Settlement Agreement with associated exhibits and appendices, the Preliminary Approval Order, and all of the submissions of counsel; and

**WHEREAS**, the Court finds that it has jurisdiction over all of the parties and the subject matter of this litigation; and

**WHEREAS**, the Court finds that the Settlement Agreement is fair, reasonable, and adequate pursuant to *Fed. R. Civ. P.* 23(e)(2) and all other applicable standards, and in consideration of various factors including that: the Class Representatives and Class

Counsel have adequately represented the Settlement Classes; the Settlement Agreement was negotiated at arm's length; the relief provided for the Settlement Classes is adequate, taking into account costs, risks, delay of trial and appeal, the effectiveness of the proposed method of distributing relief to the Settlement Classes and processing Class Member claims, the terms of the proposed award of Class Counsel Attorneys' Fees, costs, and the timing of payment, and the non-existence of any agreement required to be identified under *Fed. R. Civ. P.* 23(e)(3); and the Settlement Agreement treats Settlement Class Members equitably relative to each other; and

**WHEREAS**, the Court finds that the Damages and Injunctive Settlement Classes should be certified under *Fed. R. Civ. P.* 23, based on its determination that: the Classes are so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Classes; the claims or defenses of the Class Representatives are typical of the claims or defenses of the Classes; the Class Representatives will fairly and adequately protect the interest of the Classes; questions of law and fact common to the Class Members predominate over any questions affecting only individual members; the class action is superior to other available methods for the fair and efficient adjudication of this matter; and

**WHEREAS**, the Court finds that the form and manner of the Class Notice, consisting of a Short Form Class Notice mailed out via postcard, Long Form Class Notice placed on the settlement website, and Publication Notice published in a newspaper of national circulation (USA Today), was accurate, objective, informative, and sufficiently provided Class Members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness, and, therefore, met

the requirements of *Fed. R. Civ. P.* 23 (including *Rules* 23(e)(1)(B) and 23(c)(2)(B)), due process, the *Constitution of the United States*, and all other applicable standards; and

**WHEREAS**, the Court finds that the Settlement Administrator's requested administration costs are reasonable in consideration of various factors including: the administration services provided; the administration services to be provided; and the benefit bestowed upon the Settlement Classes; and

**WHEREAS**, the Court finds that the Class Counsel's requested Attorneys' Fees, and requested of out-of-pocket reimbursable litigation costs, are reasonable pursuant to all applicable standards, and in consideration of various factors including: the benefit bestowed upon the Settlement Classes; the size of the fund and the number of beneficiaries; the absence of any objections and relative paucity of any exclusions by Class Members; the skill and efficiency of Class Counsel; the complexity of the litigation spanning over several years; the risk of nonpayment; the time devoted by Class Counsel; awards in similar cases; the value of benefits attributed to the efforts of Class Counsel relative to the efforts of other groups; the percentage of the Attorneys' Fees that would have been negotiated had it been subject to a private contingency agreement; the innovative terms of the Settlement Agreement; and a comparison to Class Counsel's lodestar; and

**WHEREAS**, the Court finds that the Class Representatives' requested Incentive Award is reasonable in consideration of various factors including: the time dedicated; the supporting evidence provided; and the benefit bestowed upon the Settlement Classes;

It is this __29th__ day of <u>September</u> 2023:

**ORDERED** that the Motion for Final Approval of the Class Action Settlement Agreement and Certification of Settlement Classes is **GRANTED**. Unless otherwise

defined herein, all terms used in this Order shall have the same meaning as defined in the Settlement Agreement. The Plaintiffs and Defendant are to carry out the Settlement according to the terms of the Settlement Agreement, Preliminary Approval Order, and this Final Approval Order; and it is further

**ORDERED** that the following Settlement Classes are certified pursuant to the Settlement Agreement and *Fed. R. Civ. P.* 23:

a. <u>Damages Settlement Class</u>: All Identified Damages Settlement Class Members and Supplemental Damages Settlement Class Members;

b. <u>Injunctive Settlement Class</u>: All Policyholders with Active Policies administered on Defendant's ULA, LifeComm86, LifeComm90, ALS, or ALIP administrative systems;

and it is further

**ORDERED** that Damages Settlement Class Members shall receive their settlement awards according to the Allocation Plan set forth in the Settlement Agreement, except as otherwise provided in this Order, with any awards that remain uncashed or unclaimed after 180 days to be turned over to that Damages Settlement Class Member's state unclaimed property division, and any awards for Class Members whose Short Form Class Notices were returned as undeliverable to be held by the Settlement Administrator for 180 days pending the Settlement Administrator's efforts to determine a valid alternative address where possible, after which those awards shall be turned over to that Damages Settlement Class Member's state unclaimed property division; and it is further

**ORDERED** that settlement payments for any Identified Damages Settlement Class Members for whom the Settlement Administrator lacked sufficient address information to

mail Short Form Class Notices and is therefore unable to mail settlement checks shall be distributed equally to the balance of Damages Settlement Class Members; and it is further

**ORDERED** that any Settlement Class Member who did not timely request exclusion from the Settlement Agreement in accordance with its terms is bound by the terms of the Settlement Agreement and fully releases and discharges the Released Claims in accordance with the terms of the Settlement Agreement; and it is further

**ORDERED** that Martin P. Schrama and Stefanie Colella-Walsh, of Stark & Stark, P.C., and Scott B. Gorman, of Gorman & Gorman, LLC, are confirmed as Class Counsel of the Settlement Classes and are hereby awarded one-third of the gross settlement fund in Attorneys' Fees, totaling $1,549,845, along with $89,650.49 in out-of-pocket reimbursable litigation Costs, to be paid from the Qualified Settlement Fund; and it is further

**ORDERED** that Postlethwaite & Netterville, APAC is confirmed as Settlement Administrator to perform the duties of Settlement Administrator in accordance with the terms of the Settlement Agreement, and are hereby awarded administrative costs in an amount not to exceed $100,000, to be paid from the Qualified Settlement Fund; and it is further

**ORDERED** that the named Plaintiffs, Duane and Ann Buck, are confirmed as the Class Representatives of the Settlement Classes and are hereby awarded $12,500 each, totaling $25,000, as Class Representative Incentive Awards, to be paid from the Qualified Settlement Fund; and it is further

**ORDERED** that, pursuant to the schedule memorialized in the Preliminary Approval Order: AGLIC shall fund the Settlement Fund and begin its efforts to place the agreed upon disclosure language on specified Annual Statements within ten days of the

Effective Date; Payment for Class Representative Incentive Awards, Attorneys' Fees and Litigation Expenses, and Class Notice and Administration Costs shall be completed within five days after the Settlement Fund is funded; and payment to Damages Settlement Class Members in accordance with the Allocation Plan shall begin to be issued within ten days after the Settlement Fund is funded; and it is finally

**ORDERED** that this matter is dismissed with prejudice, without any cost to any of the parties other than those provided in the Settlement Agreement. The Court shall maintain jurisdiction to enforce the terms of this Final Approval Order.

*(signed)* Christine P. O'Hearn

Hon. Christine P. O'Hearn
United States District Judge